UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAOXING CHENYEE TEXTILE CO. LTD.,

                Plaintiff,

v.

LOUISE PARIS LTD.,

                Defendant.

Civil Action No. __23-cv-6755__

**COMPLAINT**

Plaintiff Shaoxing Chenyee Textile Co. Ltd. ("Shaoxing"), by its undersigned counsel, as and for its Complaint against Defendant Louise Paris Ltd. ("Louise"), alleges as follows:

## NATURE OF THE ACTION

1.      This action arises out of Louise's breach of its contractual obligations to pay Shaoxing an agreed upon amount of money for Shaoxing's manufacture, upon Louise's order, of textile goods that were shipped from China to Louise in the United States from April 2022 to November 2022, and accepted and never rejected by Louise. Although Louise made certain payments to Shaoxing for previous manufactured goods it purchased, Louise ceased payment of Shaoxing's invoices in December 2022.

2.      Louise's failure to pay all sums due and owing to Shaoxing pursuant to the parties' contracts caused Shaoxing to experience substantial losses and damage to its business. Shaoxing brings this action seeking recovery of the unpaid balance of $1,904,479.38 owed by Louise on Shaoxing's unpaid invoices, together with additional compensatory damages for its reasonable attorney's fees and those incurred as a result of Louise's anticipatory breach of its placed orders for other manufactured goods before they were shipped, incidental and consequential damages, plus interest at the rate of nine percent per annum as provided under N.Y. CPLR § 5004.

**PARTIES**

3.      Shaoxing is a limited liability company organized under the laws of the People's Republic of China with a principal place of business located at 435 Shengli East Road, Yuancheng Building, Room 1501, Shaoxing, Zhejiang, the People's Republic of China 312000.

4.      Shaoxing has two shareholders, Zejing Zhou and Jiating Zhu, who are each citizens of the People's Republic of China.

5.      Louise is a New York corporation with its principal office located at 1407 Broadway, Suite 1405, New York, New York 10018.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(2), because the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties are a citizen of the State of New York, on the one hand, and a subject of a foreign state, *i.e.*, the People's Republic of China, on the other hand.

5.      This Court also has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because the Complaint presents a federal question on the grounds that it implicates application of the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), which is a treaty of the United States that grants a private right of action to Shaoxing. The People's Republic of China is also a contracting state of CISG.

6.      This Court has personal jurisdiction over Louise because it is a citizen of the State of New York and the claims asserted against it arise out of Louise's acts and omissions committed in the State of New York.

7.      Venue is proper before the Court, pursuant to 28 U.S.C. § 1391(b)(1), because Louise resides in this judicial district; and 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

**FACTUAL ALLEGATIONS**

8.      At all relevant times, Shaoxing has been engaged in the business of exporting and supplying textile goods, such as garment and fabric, to distributors in the United States.

9.      At all relevant times, Louise has been engaged in the business of the wholesale supply of textiles and garments to retail establishments.

10.     Since 2020, Louise has purchased substantial quantities of textile goods from Shaoxing.

11.     Shaoxing started business transactions with Louise in 2020, in accordance with the following course of dealing: (1) Louise sent to Shaoxing tech packs, which listed the specifications for textile goods requested by Louise; (2) Shaoxing provided with Louise price quotes; (3) Louise issued purchase orders to Shaoxing for the goods it desired to purchase; (4) Shaoxing manufactured the textile goods according to the specifications in the purchase orders; (5) Shaoxing shipped the manufactured textile goods to Louise; (6) Shaoxing issued invoices to Louise for the shipped goods; and (6) Louise made payment to Shaoxing for shipped goods.

12.     The method of payment agreed upon by Louise and Shaoxing before 2022 was "ETD 30 days," meaning that Louise should pay Shaoxing within 30 days after the ordered textile goods left the Port of Shanghai for the U.S.

13.     Louise often delayed in making payment to Shaoxing. Nevertheless, by March 3, 2022, Shaoxing had received the total amount due on the invoices it issued to Louise during 2021.

14.     In 2022, Louise approached Shaoxing to order additional textile goods, and the parties agreed to a different method of shipment and payment. Upon receipt of a purchase order from Louise, Shaoxing agreed to manufacture the textile goods and ship them to the Port of Shanghai. Upon delivery of the goods to the Port of Shanghai, Louise was obligated to engage a

forwarder to ship the textile goods to the U.S. Louise agreed to deliver payment to Shaoxing for the shipped manufactured goods upon arrival at the designated U.S. seaport.

15.     The parties did not elect to exclude application of CISG to their contractual agreements.

A.     **Louise Ordered Goods That Shaoxing Manufactured and Shipped to Louise**

16.     Louise sent Shaoxing over 40 separate purchase orders during the period from December 2021 to April 2022, reflecting its orders to Shaoxing to manufacture various manufactured textile goods specified by Louise ("Purchase Orders"). (A copy of the Purchase Orders corresponding to each of the Open Invoices is attached hereto as Exhibit A.)

17.     Each of the Purchase Orders contained, among others, the unit price, quality, and product specifications of the goods ordered.

18.     Upon receipt of the Purchase Orders, Shaoxing accepted the orders and manufactured the textile goods pursuant to Louise's specifications set forth in the Purchase Orders ("Manufactured Goods").

19.     As evidenced by duly issued bills of lading ("Bills of Lading"), Shaoxing shipped the Manufactured Goods to Louise. Each Bill of Lading contains: (i) the bill of lading number; (ii) the identification number; and (iii) the date, destination, and other terms of shipping.

20.     Shipping documents were also issued corresponding to each Purchase Order (the "Shipping Documents"). Each Shipping Document contains: (i) a "shipping advice" document which sets forth, among other things, the corresponding purchase order number(s); the board date; the estimated time of arrival; the name of the shipping vessel; and the corresponding bills of lading number; (ii) the corresponding invoice; (iii) a "packing list" document which sets forth the packaging information; and (iv) a "single country declaration" document which sets forth the export information.

21.     Shaoxing sent Louise 29 separate invoices during the period from April 2022 to November 2022, for the Manufactured Goods shipped to Louise ("Open Invoices"). (A copy of the Open Invoices that Shaoxing sent Louise are attached hereto collectively as Exhibit B.)

22.     The Open Invoices include the following:

| INVOICE NUMBER | INVOICE AMOUNT | DATE SHIPPED |
|---|---|---|
| CYC220302008 | $84,004.80 | 2022/5/11 |
| CYC220319026 | $13,846.00 | 2022/5/18 |
| CYC220319024B | $2,388.65 | 2022/5/21 |
| CYC220302008B | $1,161.00 | 2022/5/21 |
| CYC220319026B | $1,197.00 | 2022/5/28 |
| CYC220319027 | $18,997.20 | 2022/6/2 |
| CYC220319027B | $2,400.30 | 2022/6/10 |
| CYC220505004 | $30,907.80 | 2022/7/3 |
| CYC220319028B | $514.80 | 2022/7/28 |
| CY210223 | $100.00 | |
| CY210412 | $300.00 | |
| CYC220319029 | $328,900.20 | 2022/4/23 |
| CYC220302011 | $99,648.07 | 2022/5/3 |
| CYC220319023 | $212,592.48 | 2022/6/8 |
| CYC220321003 | $25,890.00 | 2022/6/16 |
| CYC220505007 | $312,733.50 | 2022/7/7 |
| CYC220522001 | $16,230.00 | 2022/7/14 |
| CYC220812013 | $121,575.60 | 2022/8/11 |
| CYC220812002-1 | $13,056.00 | 2022/9/9 |
| CYC220904012 | $34,284.80 | 2022/8/30 |
| CYC220509004 | $172,311.60 | 2022/9/12 |
| CYC220509005 | $15,000.00 | 2022/9/12 |
| CYC220509003 | $141,791.05 | 2022/11/2 |
| CYC220319007 | $39,603.00 | 2022/7/2 |
| CYC220430007 | $25,860.80 | 2022/7/11 |
| CYC220430019 | $57,251.88 | 2022/7/18 |
| CYC220430017 | $49,169.00 | 2022/8/21 |
| CYC220510001 | $14,738.00 | 2022/9/12 |
| CYC220430011 | $68,025.85 | 2022/9/19 |

23.     Each of the Open Invoices correspond to one or more Purchase Orders and Bill of Lading for the Manufactured Goods described therein.

24.     Each of the Open Invoices, which were in the form of invoice supplied by Louise, included (i) the unit price, quantify, and style number of the textile goods ordered; (ii) the on board date and destination of shipping; (iii) the invoice number, the corresponding purchase

order number, and the corresponding bill of lading number; (iv) the total invoice amount; and (v)

method of payment.

25.     The total amount invoiced by Shaoxing to Louise by the Open Invoices was $

$1,904,479.38.

**B.     Louise Accepted Delivery of All the Manufactured Goods Shipped by Shaoxing**

26.     Shaoxing paid substantial sums for the freight, handling and other charges

associated with delivery of the Manufactured Goods to Louise.

27.     Louise accepted the delivery of the Manufactured Goods shipped to it by

Shaoxing.

28.     Louise did not reject any of the Manufactured Goods shipped to it by Shaoxing.

29.     Louise did not revoke its acceptance of the Manufactured Goods shipped to it by

Shaoxing within a reasonable time after it accepted delivery of the Manufactured Goods.

30.     Louise had the benefit of selling the Manufactured Goods for value without

making any payment to Shaoxing.

**C.     Louise Acknowledged Its Debt to Shaoxing but Failed to Make Payment**

31.     By email dated November 8, 2022 from Isaac Mochon, Louise's Chief Financial

Officer, Louise acknowledged and confirmed to Shaoxing in writing that it owed Shaoxing

$1,996,417.63. (A copy of Mr. Mochon's email is attached hereto as Exhibit C.)

32.     On multiple occasions, Louise assured Shaoxing that it would pay the Open

Invoices.

33.     Shaoxing has not received payment from Louise for any of the Open Invoices.

34.     As of the filing of this Complaint, $1,904,479.38 remains due and owing to

Shaoxing by Louise for the Open Invoices for the Manufactured Good delivered Louise, which

accepted the Manufactured Goods without objection.

**D. Louise Ordered Additional Manufactured Goods and Attempted to Rescind Its Orders**

35.     Between January and April of 2022, Louise issued to Shaoxing eight purchase orders ("Additional Purchase Orders"), which listed the quantity and specification of various textile goods that Louise requested Shaoxing to supply (the "Purchase Orders"). (A copy of the Additional Purchase Orders is attached hereto at Exhibit D.)

36.     Shaoxing confirmed with Louise its acceptance of the Additional Purchase Orders and manufactured the textile goods ordered therein (the "Additional Manufactured Goods").

37.     As reflected by the terms set forth in the Additional Purchase Orders, Louise agreed to pay a total of $436,351.40 for the Additional Manufactured Goods.

38.     In light of the parties' past course of dealing, Shaoxing reasonably relied on the Additional Purchase Orders in under manufacture of the Additional Manufactured Goods and reasonably expected Louise to accept the Manufactured Goods upon completion of manufacturing and delivery.

39.     Before Shaoxing shipped the Manufactured Goods, Louise attempted unilaterally to rescind and/or cancel the Additional Purchase Orders and advised it would not accept delivery of the Additional Manufactured Goods.

40.     At the time of Louise's attempt to unilaterally to rescind and/or cancel the Additional Purchase Orders, had undertaken manufacture of the Additional Manufactured Goods and was prepared to ship certain of the Additional Manufactured Goods to Louise.

41.     Shaoxing objected to Louise's attempt to unilaterally to rescind and/or cancel the Additional Purchase Orders.

42.     Shaoxing reasonably concluded that Louise's attempt to unilaterally to rescind and/or cancel the Additional Purchase Orders would result in Louise's failure to pay for any shipment of the Additional Manufactured Goods.

43.     Accordingly, Shaoxing had a right to suspend its continued performance under the parties' contracts pursuant to the Additional Purchase Orders by refraining from shipment of the Additional Manufactured Goods to Louise.

44.     As a result, Shaoxing was compelled to store the Manufactured Goods at a third party warehouse and incur the costs of such storage.

45.     Certain of the Additional Manufactured Goods bore, as specified by the Additional Purchase Orders, special designs representing Louise's intellectual property and protected by copyright law.

46.     Because of its reasonable concern of potential intellectual property infringement, Shaoxing has been unable to resell the Manufactured Goods that bear Louise's copyrighted material to another buyer.

47.     Louise has not granted Shaoxing the permission to resell the printed Manufactured Goods.

48.     To mitigate its damages, Shaoxing attempted to sell (and sold certain of) the Manufactured Goods that do not bear Louise's copyrighted material.

## COUNT I
### (Breach of Contract for Failure to Pay the Open Invoices)

49.     Shaoxing incorporates by reference each of the allegations set forth above as if fully set forth herein.

50.     Shaoxing and Louise entered into a binding contact by Louise's delivery of a Purchase Order and Shaoxing's acceptance thereof, and its manufacture of the Manufactured Goods.

51.     Louise agreed to pay Shaoxing for the Manufactured Goods subject to the terms and conditions agreed to by the parties.

52.     Louise agreed to pay the Open Invoices that reflect the charges agreed by Louise for the Manufactured Goods shipped to, and accepted by Louise.

53.     Louise has breached the parties' contracts by failing and refusing to pay Shaoxing the amount due on the Open Invoices in the total sum of $1,904,479.38.

54.     As a result of Louise's breach of the parties' contracts, Shaoxing has been damaged in an amount of not less than $1,904,479.38, plus its reasonable attorney's fees as additional compensatory damages, plus prejudgment interest at the rate of nine percent and costs of suit.

## COUNT II
### (Book Account for Failure to Pay for the Manufactured Goods)

55.     Shaoxing incorporates by reference each of the allegations set forth above as if fully set forth herein.

56.     As of the date of this Complaint, Shaoxing's books and records reflect that Louise owes Shaoxing in the amount of $1,904,479.38.

57.     Attached hereto as Exhibit B and incorporated by reference herein is Shaoxing's statement of accounts payable by Louis to Shaoxing, which is maintained in the regular course of its business, showing the total amount invoiced to Louise by the Open Invoices that remains unpaid totals $ 1,904,479.38.

58.     Louise has failed to pay for the Open Invoices in the amount of $1,904,479.38 to Shaoxing.

59.     Accordingly, Louise owes Shaoxing on the book account the amount of $1,904,479.38, plus interest, costs, and attorney's fees.

## COUNT III
### (Account Stated for the Manufactured Goods)

60.     Shaoxing incorporates by reference each of the allegations set forth above as if fully set forth herein.

61.     From April 2022 to November 2022, Shaoxing delivered the Open Invoices for the Manufactured Goods sold, delivered and accepted.

62.     Louise received the Open Invoices and retained them without objection.

63.     Louise acknowledged the validity of the Open Invoices, the monies due and assured Shaoxing that all outstanding amounts would be paid in full.

64.     As a result of the foregoing, an account was stated between Shaoxing and Louise in the sum of $1,904,479.38, no part of which has been paid to date.

65.     As a result thereof, the sum of $1,904,479.38 is due and owing on the account and Shaoxing has sustained damages in the minimum amount of $1,904,479.38.

## COUNT IV
### (Unjust Enrichment By Receipt of the Manufactured Goods)

66.     Shaoxing incorporates by reference each of the allegations set forth above as if fully set forth herein.

67.     Shaoxing has conferred a benefit on Louise in the form of the Manufactured Goods it sold to Louise.

68.     Louise appreciated the benefit it received from Shaoxing by its retention and/or resale of the Manufactured Goods supplied by Shaoxing to Louise.

69.     Louise accepted the benefit it received from Shaoxing under circumstances that it would be inequitable for Louise to retain such benefit without paying the value thereof.

70.     The value of the benefit conferred on Louise without its payment equals the principal amount of the Open Invoices totaling $1,904,479.38.

71.     Shaoxing has lost the benefit of the use of the money equal to the amount on the Open Invoices since the dates the Open Invoices were issued in 2022.

72.     As a result of accepting a benefit from Shaoxing and not paying the value thereof, Louise has been unjustly enriched at the expenses and at the detriment of Shaoxing.

73.     As a result of its unjust enrichment, Louise should be ordered to disgorge all monies, profits and gains it has obtained or will unjustly obtain in the future at Shaoxing's expense.

74.     A constructive trust should be imposed on all such monies, profits and gains obtained in the past or in the future.

75.     A constructive trust should be imposed on the proceeds of the sale of any of the Manufactured Goods that Shaoxing supplied to Louise.

76.     As a result of its unjust enrichment, Louise should be ordered to pay Shaoxing the sum of $1,904,479.38, plus interest, costs, and reasonable attorney's fees.

## COUNT V
### (Breach of Contract – Additional Purchase Orders)

77.     Shaoxing incorporates by reference each of the allegations set forth above as if fully set forth herein.

78.     Shaoxing and Louise entered into multiple valid and binding contracts in the form of the Additional Purchase Orders, which Shaoxing accepted and agreed to supply the Additional Manufactured Goods to Louise.

79.     The Additional Purchase Orders set forth the specifications, quantity, and unit price of the Additional Manufactured Goods ordered by Louise.

80.     Louise breached the parties' contracts by attempting to rescind and/or cancel the Additional Purchase Orders before Shaoxing shipped the Additional Manufactured Goods to Louise.

81.     Shaoxing was unable to resell all the Additional Manufactured Goods, which are in storage.

82.     As a direct result of Louise's breach, Shaoxing incurred damage to its business, which was reasonably foreseeable to Louise.

83.     As a result of Louise's breach of the parties' contract, Shaoxing has suffered compensatory, incidental, and consequential damages.

## COUNT VI
### (Anticipatory Breach of Contract – Additional Purchase Orders)

84.     Shaoxing incorporates by reference each of the allegations set forth above as if fully set forth herein.

85.     Shaoxing and Louise were parties to valid and binding contracts providing for Shaoxing to manufacture and deliver the Additional Manufactured Goods to Louise subject to the terms and conditions of the parties' agreement including the Additional Purchase Orders.

86.     Louise attempted to unilaterally rescind and/or cancel the Additional Purchase Orders for the Additional Manufactured Goods before Shaoxing shipped the Additional Manufactured Goods to Louise.

87.     Louise's attempt to unilaterally rescind and/or cancel the Additional Purchase Orders for the Additional Manufactured Goods before Shaoxing shipped the Additional Manufactured Goods to Louise constituted an anticipatory breach of the parties' contracts.

88.     Under CISG art. 71(1), a party may also suspend performance of their obligations under the contract if it "becomes apparent that the other party will not perform" its obligations under the contract.

89.     By attempting to unilaterally rescind the Additional Purchase Orders without the right under the parties' agreement or applicable law, it was reasonable for Shaoxing to conclude

that Louise would not make payment for the Additional Manufactured Goods if it shipped them to Louise.

90.     As a result of Louise's anticipatory breaches, Shaoxing had a right to suspend further performance under each of the Additional Purchase Order, and not to ship the Additional Manufactured Goods to Louise.

91.     As a result of Louise's anticipatory breaches, Shaoxing has suffered compensatory, incidental, and consequential damages.

### COUNT VII
### (Promissory Estoppel – Additional Purchase Orders)

92.     Shaoxing incorporates by reference each of the allegations set forth above as if fully set forth herein.

93.     Each of the Additional Purchase Orders constituted a clear and unambiguous promise that Louise made to Shaoxing.

94.     By its reliance on the Additional Purchase Orders, Shaoxing manufactured the Additional Manufactured Goods.

95.     Shaoxing's reliance on the Additional Purchase Orders was reasonable and foreseeable, in light of the parties' past course of dealing since 2020.

96.     Before the Manufactured Goods were shipped, Louise attempted to renege on its promises by unilaterally rescinding and/or cancelling cancelled the Additional Purchase Orders and would no longer accept the Manufactured Goods.

97.     Louise has incurred damages as a result of its reasonable reliance on the Additional Purchase Orders, because (1) it is now unable to resell the printed Manufactured Goods, which carry designs protected by Louise's intellectual property; (2) it has undertaken commercially reasonable efforts to sell the Additional Manufactured Goods that do not bear Louise's copyrighted material, but has been unable to resell all such Additional Manufactured

Goods; and (3) it has been compelled to store the unsold Additional Manufactured Goods at a third party warehouse thereby incurring storage costs.

98.     As a result of Louise's breach of its promises, Shaoxing has suffered compensatory, incidental, and consequential damages.

WHEREFORE, plaintiff Shaoxing respectfully demands that this Court enter judgment in its favor and against defendant Louise as follows:

a.  Awarding compensatory damages including, but not limited to, its reasonable attorney's fees in seeking a judgment in its favor under the CISG or, in the alternative, *quantum meruit* damages in at least the amount of $1,904,479.38;

b.  Awarding incidental damages and/or consequential damages;

c.  Awarding interest on the amount of any damages awarded to plaintiff, as permitted under NY CPLR § 5004, at the rate of 9% per annum;

d.  Imposing a constructive trust and/or equitable lien on certain monies, proceeds and/or assets in Louise's possession custody or control;

e.  Issuing a writ of attachment against defendant's property to secure Louise's satisfaction of a judgment in favor of plaintiff;

f.  Awarding reasonable attorney's fees;

g.  Awarding costs of suit; and

h.  For such other and further relief as the Court deems just and proper.

15

Dated: August 2, 2023                                   SILLS CUMMIS & GROSS P.C.


                                                        By: /s/ Michael J. Geraghty
                                                            Michael J. Geraghty

                                                        101 Park Avenue, 28th Floor
                                                        New York, New York 10178
                                                        Telephone: (212) 643-7000
                                                        Facsimile: (212) 643-6500
                                                        mgeraghty@sillscummis.com

                                                        *Attorneys for Plaintiff*
                                                        *Shaoxing Chenyee Textile Co. Ltd.*