```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 7/8/2024
----------------------------------------------------------------- X
                                                         :
SHAOXING CHENYEE TEXTILE CO. LTD.,                       :
                                                         :
                              Plaintiff,                 :     1:23-cv-6755-GHW
                                                         :
             - v -                                       :     MEMORANDUM
                                                         :     OPINION & ORDER
LOUISE PARIS LTD.,                                       :
                                                         :
                              Defendant.                 :
                                                         :
----------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

Plaintiff Shaoxing Chenyee Textile Co. Ltd. ("Plaintiff") manufactures textiles. Defendant Louise Paris Ltd. ("Defendant") ordered almost two million dollars' worth of goods from Plaintiff. Defendant accepted the goods. Defendant received Plaintiff's invoices and did not dispute that it owed the amounts stated in them. Defendant simply did not pay.

After the completion of discovery, Plaintiff filed this motion for partial summary judgment seeking the money that it is due. Rather than filing an opposition to the motion, counsel for Defendant informed the Court that Defendant did not wish to oppose the motion. Because the Defendant has elected not to oppose the motion, this summary judgment opinion is summary: this is not an "elaborate essay," and the Court does not "robotically replicate" all of the pertinent facts. It is not necessary here. Plaintiff's claims for breach of contract and account stated rest on a sound legal foundation, and are supported by the record evidence—including Defendant's own admissions. Therefore, Plaintiff's motion for summary judgment with respect to those claims is GRANTED.

I.   **BACKGROUND**

   A.   **Procedural History**

Plaintiff Shaoxing Chenyee Textile Co. Ltd. filed this action on August 8, 2023. Dkt. No. 1. In its complaint, Plaintiff claimed that Defendant Louise Paris Ltd. had failed to pay Plaintiff for

goods that Defendant had ordered and that Plaintiff had delivered.  Plaintiff asserted seven causes of actions as a result of Defendant's alleged failure to comply with its payment obligations.  *Id.* ¶¶ 49–98.  Among those were claims for breach of contract, account stated and unjust enrichment.  *Id.* ¶¶ 49–54; 60–76.  Defendant's counsel filed a notice of appearance in the case on August 24, 2023.  Dkt. No. 9.  And Defendant filed an answer on September 15, 2023.  Dkt. No. 16.

The Court held an initial pretrial conference for the case on October 12, 2023, and issued a case management plan and scheduling order later the same day.  Dkt. No. 25.  That order launched the parties into discovery.  Fact discovery was originally scheduled to conclude on February 15, 2024, *id.*, but, at the request of the parties, was later extended to conclude on March 15, 2024.  Dkt. No. 36.  Plaintiff took advantage of the opportunity to conduct discovery.  The Court was informed that Defendant elected not to do so.  Dkt. No. 38.

Following the close of fact discovery, Plaintiff sought leave to file a motion for partial summary judgment with respect to its claims for breach of contract and account stated, and, in the alternative, its claim for unjust enrichment.  *Id.*  The Court held a conference with counsel for both parties to discuss the anticipated motion on April 5, 2024.  With the input of counsel for both parties, the Court established the following briefing schedule for the motion for summary judgment: Plaintiff's motion was due on April 29, 2024; Defendant's motion was due no later than 21 days following the date of service of the motion; and any reply was due no later than 14 days following the date of service of Defendant's opposition.  Dkt. No. 40.  During the pre-motion conference, the Court reminded the parties that failure to respond adequately to their adversary's 56.1 statement would lead the Court to treat the uncontested fact as true.

Plaintiff timely filed its motion for summary judgment on April 29, 2024.  Dkt No. 42 (notice of motion).  In support of its motion, Plaintiff filed a 56.1 statement of undisputed facts.  Dkt. No. 47 ("56.1 Statement").  Plaintiff also filed two declarations that attached, among other

things, the purchase orders and invoices at issue in the case, as well as Defendant's responses to Plaintiff's requests for admission and the transcript of one deposition. Declaration of Jiating Zhu, Dkt. No. 45; Declaration of Michael J. Geraghty, Dkt. No. 44. Plaintiff's memorandum of law contended that the undisputed facts established during discovery, as well as Defendant's admissions entitled it to summary judgment with respect to its breach of contract and account stated claims, or, in the alternative, its unjust enrichment claim. Dkt. No. 46 (memorandum of law or "Mem."). Plaintiff calculated the amount of damages due as a result of Defendant's breach as $1,904,479.38, plus prejudgment interest and costs. Mem. at 15–16.

Defendant did not file an opposition to the motion for summary judgment. Instead, on May 20, 2024, Defendant's counsel wrote the Court a letter stating the following:

> The Court's docket in this Action will reflect that Defendant's opposition to the Motion for Partial Summary Judgment ("Motion") filed by the Plaintiff, Shaoxing Chenyee Textile Co. ("Plaintiff") is due today. . . .
>
> Defendant has instructed me to file no opposition with respect to the Motion, without prejudice to Defendant's rights and remedies, if any, related to so much of the Complaint not subject of Plaintiff's Motion.

Dkt. No. 48. Given Defendant's election not to oppose Plaintiff's motion for summary judgment, Plaintiff did not file a formal reply. Instead, on May 31, 2024, Plaintiff filed a short letter reaffirming its entitlement to partial summary judgment on the grounds described in its motion. Dkt. No. 49.

3

## II.     LEGAL STANDARD

### A.     Motions for Summary Judgment Generally

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting former Fed. R. Civ. P. 56(e)) (emphasis omitted). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, and he or she "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quotation omitted).

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quotation omitted). The Court's job is not to "weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002); *see also Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). "Assessments of credibility and choices between conflicting

versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quotation omitted).

Still, "[t]he possibility that a material issue of fact may exist does not suffice to defeat the motion; upon being confronted with a motion for summary judgment the party opposing it must set forth arguments or facts to indicate that a genuine issue—not merely one that is colorable—of material fact is present." *Gibson v. Am. Broad. Cos.*, 892 F.2d 1128, 1132 (2d Cir. 1989).

### B. Unopposed Summary Judgment Motions

Federal Rule of Civil Procedure 56 "does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." *Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014). Before granting an unopposed summary judgment motion, "the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden even if the statement is unopposed." *Id.* "And, of course, the court must determine whether the legal theory of the motion is sound." *Id.* "To sum up, when a party, whether *pro se* or counseled, fails to respond to an opponent's motion for summary judgment, a district court may not enter a default judgment." *Id.* at 197. "Rather, it must examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment." *Id.*

Rule 56 "requires that a grant or denial of summary judgment is accompanied by an explanation." *Id.* at 196. "However, absent some indication of a material issue being overlooked or an incorrect legal standard being applied, [the Second Circuit does] not require district courts to write elaborate essays using talismanic phrases." *Id.* at 196–97. When a counseled party elects not to oppose a motion for summary judgment, "there is no need for a district court to robotically replicate the defendant-movant's statement of undisputed facts and references to the record . . . ." *Id.* at 197. "[I]n the case of a counseled party, a court may, when appropriate, infer from a party's

5

partial opposition that relevant claims or defenses that are not defended have been abandoned." *Id.* at 198.

### III. DISCUSSION

#### A. Defendant Has Waived Any Defenses to These Claims and Has Admitted the Facts Detailed in Plaintiff's 56.1 Statement

Here, Defendant has elected not to oppose Plaintiff's motion for partial summary judgment. Defendant wrote the Court stating that it had elected not to file an opposition. Moreover, in the letter, it reserved its "rights and remedies, if any, related to so much of the Complaint *not* subject of Plaintiff's Motion." Dkt. No. 48 (emphasis added). Defendant's election not to oppose the motion and its abandonment of any defenses to the claims that are the subject of the motion are manifest.

Because Defendant is counseled, knowingly elected not to oppose the motion, and reserved its rights only with respect to Plaintiff's claims that are *not* the subject of its motion for partial summary judgment, the Court concludes that it is appropriate to consider Defendant to have abandoned any possible defenses to Plaintiff's claims that are the subject of the motion for partial summary judgment. *Jackson*, 766 F.3d at 196.

Moreover, the Court deems the assertions in Plaintiff's 56.1 Statement to be admitted. "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). Local Rule 56.1 requires a party moving for summary judgment to submit "a separate, short and concise statement" setting forth material facts as to which there is no genuine issue to be tried. Local Rule 56.1(a). A party opposing summary judgment must respond with a statement of facts as to which a triable issue remains. *See* Local Rule 56.1(b). The facts set forth in a moving party's statement "will be deemed to be admitted unless controverted" by the opposing party's statement. Local Rule 56.1(c).

"[A] non-response [to a motion for summary judgment] runs the risk of unresponded-to statements of undisputed facts proffered by the movant being deemed admitted." *Jackson*, 766 F.3d at 194; *see also id.* at 196 ("[T]he opponent to such a motion is free to ignore it completely, thereby risking the admission of key facts and leaving it to the court to determine the legal merits of all claims or defenses on those admitted facts."). Here, Defendant accepted that risk by opting not to oppose the motion or to controvert the facts stated in Plaintiff's 56.1 statement. Defendant did so notwithstanding the fact that the Court specifically reminded parties of the consequences of failure to controvert properly facts asserted in their opponent's 56.1 statement. It is appropriate for the Court to deem the facts asserted in Plaintiff's 56.1 Statement to be admitted under these circumstances.[1]

### B. Plaintiff Is Entitled to Summary Judgment On Its Claims For Breach of Contract and Account Stated

Plaintiff's legal theory with respect to its claim for breach of contract is sound. *See, e.g.*, *Congelados del Cibao v. 3 Kids Corp.*, No. 19-CV-7596 (LJL), 2022 WL 1321397, at *5 (S.D.N.Y. May 3, 2022); *accord* Mem. at 9–12. So too is Plaintiff's legal theory with respect to its claim for account stated. *See, e.g.*, *Cohen Lans LLP v. David Naseman*, No. 14-cv-4045 (JPO), 2017 WL 477775, at *6 (S.D.N.Y. Feb. 3, 2017); *accord* Mem. at 12–13. "A cause of action for an account stated has been described as 'an alternative theory of liability to recover the same damages allegedly sustained as a result of the breach of contract.'" *Episcopal Health Servs., Inc. v. Pom Recoveries, Inc.*, 138 A.D.3d 917, 119 (2d Dep't 2016). While Defendant's failure to pay underpins both claims, Plaintiff rightly does not claim that it is entitled to a double recovery.

The undisputed facts presented in the record clearly support Plaintiff's motion for summary judgment with respect to its claim for breach of contract. The Court accepts the invitation not to

---

[1] The Court has reviewed the record presented to the Court in support of the statements of fact contained in Plaintiff's 56.1 Statement and concludes that the relevant facts are adequately supported by record evidence, or Defendant's admissions in response to Plaintiff's requests for admission.

7

"robotically replicate the []movant's statement of undisputed facts and references to the record . . . ." *Jackson*, 766 F.3d at 197. The Court has reviewed the record presented in support of the motion and concludes that the facts presented in support of the motion establish that Plaintiff and Defendant entered into a contract for the sale of goods. 56.1 Statement ¶¶ 2–17. Each of those transactions is documented in an invoice. The invoices, the amount invoiced, and the date on which the goods were shipped to Plaintiff are all detailed in the 56.1 Statement. *Id.* ¶ 30. Defendant received delivery of the goods that it ordered from Plaintiff. *Id.* ¶ 34. Defendant failed to make any payment on 29 of the invoices, which total $1,904,479.38. *Id.* ¶ 37. In sum, the facts show that the parties entered into a contract, that Plaintiff performed and delivered the product requested by Defendant, and that Defendant breached the contract by failing to pay for the goods, resulting in $1,904,479.38 in damages to Plaintiff.

Similarly, the undisputed facts on the record clearly support Plaintiff's motion for summary judgment with respect to its claim for account stated. Plaintiff sent Defendant invoices reflecting the amount owed to it by Defendant. *Id.* ¶ 27. Defendant admitted that it did not object to any of the invoices. *Id.* ¶ 33. Indeed, the then-Chief Financial Officer of Defendant acknowledged that Defendant owed Plaintiff $,1996,417.63. *Id.* ¶ 37. Defendant made a partial payment of the amount that it acknowledged that it owed Plaintiff, but failed to pay the remainder, leaving a balance due of $1,904,479.38. *Id.* ¶¶ 38–39.[2]

      **C.**    **Plaintiff Is Entitled to Prejudgment Interest on the Unpaid Amounts**

Plaintiff is entitled to an award of prejudgment interest on the unpaid amounts from the date on which the goods sold were delivered to Defendant. Article 78 of the Convention on International Sale of Goods, which applies to the transactions at issue here, provides the following: "If a party fails to pay the price or any other sum that is in arrears, the other party is entitled to

---

[2] Because Plaintiff is entitled to summary judgment on its claims for breach of contract and account stated, the Court need not reach its alternative motion for summary judgment with respect to its claim of unjust enrichment.

interest on it, without prejudice to any claim for damages recoverable under Article 74." *Shantou Real Lingerie Mfg. Co. v. Native Grp. Int'l, Ltd.*, No. 14CV10246-FM, 2016 WL 4532911, at *4 (S.D.N.Y. Aug. 23, 2016) (internal quotation and citation omitted). "Article 78, however, does not specify the rate of interest to be applied or how the rate should be determined." *Id.* "In the Second Circuit, judges generally have used their discretion to arrive at a reasonable rate, as is commonly done in cases arising under federal question jurisdiction where the relevant statute is silent with respect to prejudgment interest." *Id.*

Like Judge Maas in *Shantou*, the Court finds that a reasonable rate for the calculation of prejudgment interest in this case is the rate established under 26 U.S.C. § 6621(a)(2). The rate is calculated based upon "the sum of – (A) the Federal short-term rate . . . [for the first month in each calendar quarter], plus (B) 3 percentage points." 26 U.S.C. § 6621(a)(2). Accordingly, Defendant shall pay Plaintiff prejudgment interest on the amount shown as due on each invoice from the date of shipment calculated at the rate established in 26 U.S.C. § 6621(a)(2).

## IV.     CONCLUSION

Plaintiff's motion for summary judgment on Count I (breach of contract) and Count III (account stated) is GRANTED. Plaintiff's motion for summary judgment with respect to Count IV (unjust enrichment) is DENIED without prejudice. Plaintiff is directed to submit a proposed judgment consistent with this Opinion and Order, including prejudgment interest as described above, by July 15, 2024. On the same date, Plaintiff is directed to file a letter with the Court attaching an Excel spreadsheet showing its calculation of prejudgment interest. Plaintiff is directed to email a native copy of the Excel spreadsheet to Defendant and the Court at the Court's chambers email address. On the same date, the parties are directed to submit a separate joint letter to the Court stating their respective positions regarding how the remaining claims in this case should be litigated.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 42 and 43.

SO ORDERED.

Dated: July 8, 2024

_____
GREGORY H. WOODS
United States District Judge